01

02

03

04

05

06                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  RALPH HOWARD BLAKELY,            )     CASE NO.: C07-1803-RAJ-MAT
                                     )
09        Plaintiff,                 )
                                     )
10  v.                               )     REPORT AND RECOMMENDATION
                                     )
11  HERB SNIVELY, et al.,            )
                                     )
12        Defendants.                )
    _____ )

13

14                             INTRODUCTION

15        Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action.  He seeks

16  a preliminary injunction to compel the Washington State Department of Corrections (DOC) to

17  provide proper medical treatment.  (Dkt. 24.)  Specifically, plaintiff seeks an order compelling the

18  DOC to transport him to a Dr. Justin McCormick for "Spinal Decompression" and to supply him

19  with "Glucosamine Chondrotin [sic] for the synovial knee lubricating fluid, and Vitamin 'E' to

20  [relieve] . . . leg muscle cramps."  (Dkts. 21 & 24.)  Defendants oppose plaintiff's motion.  (Dkts.

21  _____

22        [1] It initially appeared plaintiff also sought treatment with cyanocobalamin.  (*See* Dkt. 21
    at 1.)  However, he clarified that he "does not mention cyanocobalamin on the current requested

REPORT AND RECOMMENDATION
PAGE -1

01  31 & 38.)  In addition to replying to defendants' response (Dkts. 33 & 39), plaintiff submitted a

02  related motion to admit supplemental declarations (Dkt. 34).  Defendants also oppose that motion.

03  (Dkt. 35.)  Now, having considered plaintiff's motions, defendants' responses, and the remainder

04  of the record, it is recommended that plaintiff's request for injunctive relief and his motion to

05  admit supplemental declarations be denied for the reasons set forth below.

06  <u>DISCUSSION</u>

07  A grant of preliminary injunctive relief requires: "'(1) a strong likelihood of success on the

08  merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted,

09  (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in

10  certain cases).'"  *Johnson v. California State Bd. Of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.

11  1995) (quoted case omitted).  Alternatively, a moving party may show  *either*  a combination of

12  likely success on the merits and the possibility that he/she will suffer irreparable injury  *or*  that

13  serious questions are raised and the balance of hardships tips sharply in the moving party's favor.

14  *Id.* (cited sources omitted).

15  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant

16  threat of irreparable injury."  *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376

17  (9th Cir. 1985).  *Accord Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.

18  1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will

19  be exposed to irreparable harm.")  "Speculative injury does not constitute irreparable injury

20  sufficient to warrant granting a preliminary injunction.  A plaintiff must do more than merely allege

21  _____

22  order to compel, because he has been taking [it] every morning since October, 2007."  (Dkt. 39
    at 1.)

REPORT AND RECOMMENDATION
PAGE -2

01 imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

02 injury as a prerequisite to preliminary injunctive relief." *Carribean Marine Servs. Co.*, 844 F.2d

03 at 674 (internal citation and other cited sources omitted; emphasis in original).  Also, as the United

04 States Supreme Court has noted, "'[i]t frequently is observed that a preliminary injunction is an

05 extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

06 *showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

07 (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948, pp. 129-30

08 (2d ed. 1995)) (emphasis added by Supreme Court).

09       In this case, plaintiff seeks to compel the provision of proper medical treatment.  He also

10 objects to the declaration of Dr. John Kenney, submitted by defendants, and seeks to submit

11 supplemental declarations in response to Dr. Kenney's declaration.

12 A.     Preliminary Injunction

13       Plaintiff seeks an immediate referral to a Dr. Justin McCormick (or alternatively Dr.

14 Sanford Wright) for treatment of a back condition.  He describes his back condition in different

15 terms, such as a "severe SPINAL neurogenic shock causing spactic [sic] paralysis," an injured or

16 torn disc, and a "hyperextension injury" of the spinal cord.  (Dkt. 21 at 1-2.)  Plaintiff further seeks

17 the provision of glucosamine and/or chondroitin for his knee and Vitamin E for leg muscle cramps.

18       Defendants contend that none of the treatments sought by plaintiff are medically necessary

19 or even medically indicated at this time.  (Dkt. 32 (Decl. of Dr. John Kenney), ¶ 2.)  They maintain

20 that plaintiff has a history of chronic degenerative disc disease of the low back, a progressive,

21 degenerative condition, and dispute plaintiff's contention that this condition was caused by an

22 acute injury.  (*Id.*, ¶¶ 3-4.)  They assert that plaintiff's medical records reveal no objective signs

REPORT AND RECOMMENDATION
PAGE -3

01  of disc protrusion, herniation, or injury.  ( *Id*., ¶ 4.)  Defendants further assert that, despite the

02  absence of any objective symptoms of disc injury, plaintiff has been referred for a MRI scan of his

03  low back and will be referred to a neurosurgeon only if the findings of that scan are consistent with

04  disc intrusion or impingement.  (*Id*., ¶¶ 3-4.)

05       Defendants also dispute the medical necessity or indication of either glucosamine and/or

06  chondroitin for plaintiff's knee or Vitamin E for his legs.  (*Id*., ¶ 6 and Dkt. 38 (Supp. Decl. of Dr.

07  John Kenney), ¶ 2.)  They note that none of these substances are covered as medications under

08  the Washington State Department of Corrections Offender Health Plan Formulary, but can be

09  purchased by inmates over-the-counter at the Offender Store.  (*Id*.)  Defendants aver that, while

10  there may be some anecdotal evidence that Vitamin E and Omega 3 fish oil have helped certain

11  patients, neither is a medically proven course of treatment for muscle cramps.  (Dkt. 32, ¶ 6.)

12  They also aver, with respect to glucosamine and Omega 3 fish oils, that alternate, medically proven

13  courses of treatment are available for treatment of plaintiff's conditions on a more probable than

14  not basis.  (Dkt. 38, ¶ 2.)

15       Defendants argue that plaintiff fails to prove imminent danger and irreparable harm if his

16  requests are not granted.  They further maintain that, even if plaintiff could satisfy that test, he fails

17  to establish the likelihood of his success on the merits.  For the reasons described below, the Court

18  agrees with defendants that plaintiff fails to support his request for preliminary injunctive relief.

19       Plaintiff fails to demonstrate immediate threatened injury.  He did not submit evidence

20  countering defendants' contentions as to the nature and severity of his back condition.  In fact, a

21  November 16, 2007 medical document plaintiff submitted with his reply supports defendants'

22  contention as to the degenerative nature of his back condition. (Dkt. 33, Ex. at 4 ("Impression:

REPORT AND RECOMMENDATION
PAGE -4

01  Multilevel degenerative disk disease of a moderate degree.  Otherwise, unremarkable exams.")

02  (case altered).)  As such, plaintiff's assertion as to the need for a referral to a specialist for his back

03  is no more than speculative.[2]

04       Plaintiff does submit documentation providing support for his request for glucosamine

05  and/or chondroitin for his knee.  (*Id*. at 6 (June 26, 2006 note from physician's assistant stating:

06  "I am going to see if we can get him glucosamine."), 9 (January 26, 2007 note from Dr. James

07  Swenson stating: "I would recommend glucosamine and /or chondroitin medication daily for the

08  next six weeks to see if we can get a response.  If this does respond, I would have him continue

09  on this permanently."), and 10 (September 14, 2007 note from Dr. Swenson stating: "Treatment

10  options would be medications, bracing, injections, or surgery.  He really does not want the

11  injections.  He has declined those today.  So, the option would be orally glucosamine and

12  chrondroitin.  I would certainly recommend this for him."))  However, critically, he does not

13  demonstrate irreparable injury in the absence of glucosamine and/or chondroitin.  Moreover,

14  plaintiff apparently refused alternative, covered treatment for his knee condition.  (  *Id*. at 10

15  (plaintiff declined injections for his knee pain).)

16       Likewise, plaintiff fails to support the contention that defendants' failure to provide him

17  with Vitamin E poses a significant threat of irreparable injury.  Although plaintiff attests to the

18  many benefits afforded by Vitamin E (*see* Dkt. 39, Exs. at 4-7), his assertion as to harm is no more

19  than speculative.

20  ――――――――――――――

21       [2] Two notes from Dr. James Swenson in January and September of 2007 contain
    recommendations for neurosurgery evaluation for plaintiff's back.  (Dkt. 33, Ex. at 9-10.)
22  However, Dr. Swenson consulted in those sessions solely as to plaintiff's knee condition and
    clarified that he did not treat back or spinal issues.  (*Id*.)

REPORT AND RECOMMENDATION
PAGE -5

01       As stated above, a grant of preliminary injunctive relief requires a showing of a significant

02   threat of irreparable injury.  *Caribbean Marine Servs. Co.*, 844 F.2d at 674; *Oakland Tribune,*

03   *Inc.*, 762 F.2d at 1376.  Because plaintiff fails to make such a showing, his motion for a

04   preliminary injunction should be denied.

05   B.   Supplemental Declarations

06       In support of their opposition to plaintiff's motion for a preliminary injunction, defendants

07   submitted a declaration from Dr. John Kenney.  (Dkt. 32.) Dr. Kenney served as the Medical

08   Director for the Washington State Reformatory in Monroe, Washington between 2001 and

09   September 2007, and has served as the Health Care Manager at Monroe since October 2007. (*Id.*,

10   ¶ 1.)  He oversees the medical treatment provided to inmates, including plaintiff.  (*Id.*, ¶ 2.)

11       Plaintiff notes that he has never been treated by Dr. Kenney and seeks to strike the

12   declaration on the basis that Dr. Kenney is not qualified to speak to his claims.[3]  He additionally

13   seeks to submit responsive declarations from himself and another inmate, Leslie A. Pounds, on this

14   subject.  (*See* Dkt. 34, attached Decls.)

15       Dr. Kenney holds a supervisory position over the medical staff providing care to plaintiff

16   and attests that he reviewed plaintiff's medical records  prior to submitting his declaration.  (Dkt.

17   32, ¶ 2.)  As such, it cannot be said that Dr. Kenney lacks adequate qualifications to opine to the

18   opinions set forth in his declaration.  Moreover, the supplemental declarations submitted by

19   plaintiff are not pertinent to the resolution of his motion for a preliminary injunction.  Plaintiff's

20

21       [3] Plaintiff also objected to Dr. Kenney's failure to address the issue of glucosamine and/or
22   chondroitin in his initial declaration.  However, as ordered by the Court, Dr. Kenney provided a
     supplemental declaration on that issue.  (*See* Dkts. 36 & 38.)

REPORT AND RECOMMENDATION
PAGE -6

01 declaration serves as a request to strike Dr. Kenney's declaration, which should be denied for the

02 reason set forth above. Pounds' declaration lacks relevance to plaintiff's contentions in this case

03 and, rather, concerns his own complaints against Dr. Kenney as raised in a separate lawsuit.

04 Accordingly, plaintiff's motion to admit supplemental declarations should also be denied.

05 <u>CONCLUSION</u>

06      For the reasons set forth above, the Court recommends that plaintiff's motion for a

07 preliminary injunction and his motion to admit supplemental declarations be denied. A proposed

08 Order accompanies this Report and Recommendation.

09      DATED this <u>14th</u> day of April, 2008.

10

11                 Mary Alice Theiler
                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -7