HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RALPH HOWARD BLAKELY, et al.,

    Plaintiff,

v.

HERB SNIVELY, et al.,

    Defendants.

CASE NO. C07-1803RAJ

ORDER

This matter comes before the court on the Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler. Dkt. # 71. Judge Theiler recommends that the court enter summary judgment dismissing this action. The court has considered the R&R, Plaintiff Ralph Howard Blakely's objections to the R&R, and the balance of the record in this action. For the reasons stated herein, the court adopts the R&R, and directs the clerk to enter judgment for Defendants.

This dispute arises from Mr. Blakely's dissatisfaction with his medical treatment, nutrition, and sleeping quarters at the Washington State Reformatory at Monroe. Mr. Blakely is incarcerated at that institution. Defendants are various current and former medical staff members and corrections officers at the institution. Mr. Blakely's sole basis for relief, and the sole basis for this court's jurisdiction, is 42 U.S.C. § 1983, which

ORDER – 1

provides a private right of action for violations of federal civil rights by persons acting "under color of law."

As Judge Theiler amply explained in the R&R, Mr. Blakely cannot establish a violation of § 1983 in this case unless he can establish that someone acted with "deliberate indifference" to a serious risk of harm to him. Mr. Blakely submits many complaints of mistreatment at the hands of Defendants, some for which he provides admissible evidence, many for which he does not. The court is convinced, after reviewing the R&R and conducting its own review of the record, that no reasonable jury, even taking the evidence in the light most favorable to Mr. Blakely, could conclude that any of the Defendants acted with deliberate indifference. Instead, the record reflects that Defendants have acted consistently with the institution's budgetary constraints, physical limitations, and medical judgment. Although a reasonable juror, or a reasonable person in Mr. Blakely's shoes, might dispute the institution's judgment, there is no evidence of deliberate indifference. For that reason, summary judgment is appropriate.

In reaching this conclusion, the court has considered nearly 200 pages of documents that Mr. Blakely submitted after Judge Theiler entered the R&R. Some of those documents are responsive to the R&R. Some make requests that Judge Theiler has already rejected, including a request for a stay to permit additional discovery, and a renewed request for appointment of counsel. Many are duplicates of documents Mr. Blakely filed in opposition to Defendants' summary judgment motion and in connection with his unsuccessful motion for a preliminary injunction. None of these documents suggest that Mr. Blakely could establish deliberate indifference with the benefit of additional discovery or with the aid of counsel. There is simply no suggestion that Mr. Blakely's treatment rises to the level of a constitutional violation.

The court therefore adopts the R&R, grants Defendants' motion for summary judgment, and DISMISSES this action with prejudice. The clerk is directed to enter

ORDER – 2

1 | judgment for Defendants, and to send copies of this order to plaintiff, to counsel for
2 | defendants, and to Judge Theiler.

DATED this 17th day of October, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3